703 So.2d 1364 (1997)
STATE of Louisiana, Appellee,
v.
Donny DELAUGHTER, Appellant.
No. 29974-KA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1997.
*1366 Kevin V. Boshea, New Orleans, for Appellant.
Richard Ieyoub, Attorney General, William R. Coenen, Jr., District Attorney, Johnny R. Boothe, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and NORRIS and GASKINS, JJ.
GASKINS, Judge.
The defendant, Donny Delaughter, entered a plea of guilty to one count of indecent behavior with a juvenile and one count of attempted indecent behavior with a juvenile. He was sentenced to serve seven years at hard labor for count one. On count two, the defendant was sentenced to three years at hard labor, with one year to run consecutively and two years to run concurrently with the sentence on count one. In addition, the sentencing court denied the defendant diminution of his sentence for good behavior. The defendant appeals his sentences as excessive and claims that the denial of "good time" violates the ex post facto provisions of the United States and Louisiana Constitutions. For the following reasons, we affirm the defendant's sentences, but amend the sentence to delete that portion denying the defendant diminution of his sentence for good behavior.

FACTS
During the investigation of a complaint received by the Office of Child Protection, the defendant confessed to law enforcement officials that he victimized an eight year old female. The defendant stated that he was in bed asleep with the victim, while babysitting her at his uncle's house in Wisner, Louisiana. He stated that he "woke up about daylight" and "started fingering her and stuff like that.... And she woke up and I tried to get her to kiss my penis." Asked if she kissed it, defendant said "just one time yes sir." He also said he did get his finger inside her for a few seconds. He stopped because she "started hollering for her momma." [1]
The state charged defendant with one count each of aggravated oral sexual battery *1367 and sexual battery on the eight-year-old victim. On June 17, 1996, pursuant to a plea bargain, the defendant pled guilty to amended charges of indecent behavior with a juvenile "by fondling the victim" and attempted indecent behavior with a juvenile "by attempting to have the victim touch his penis."
On January 28, 1997, the trial court sentenced defendant to seven years on the consummated offense and to three years on the inchoate offense, with two years of the latter sentence to be served concurrently with the seven-year sentence. The trial court also directed that the sentences be served without eligibility for diminution of sentence for good behavior, pursuant to La. R.S. 15:537. On January 31, 1997, the defendant timely filed a motion to reconsider sentence which was denied by the trial court that same day. Defendant appeals his sentence as being unconstitutionally excessive, and he urges that the denial of eligibility for good time diminution of sentence constitutes a violation of the ex post facto provisions of the federal and state constitutions.

EXCESSIVE SENTENCE
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983); State v. McCray, 28,531 (La. App.2d Cir. 8/21/96), 679 So.2d 543. The trial judge is not required to list every aggravating or mitigating circumstance, but need only state for the record the considerations taken into account and the factual basis for the sentence imposed. State v. Smith, supra; State v. McCray, supra. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions.
Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (1988); State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
Prior to imposing sentence, the court reviewed a presentence investigation report (PSI) and set forth extensive reasons for the sentences imposed. As originally charged, the defendant's sentencing exposure was twenty years for aggravated oral sexual battery and ten years for sexual battery. By virtue of his plea bargain agreement, his maximum sentence exposure was reduced to seven years and three and one-half years. The court noted the reduction in charges through the plea bargain agreement. The court also considered a "confidential" psychological evaluation prepared by Bobby L. Stephenson, Ph.D. He found defendant, who was thirty-four years old at the time of the sentencing, had an IQ of 65, which is classified as mild mental retardation. Defendant exhibits immaturity and functions like a 15-year-old. He has difficulty managing his emotions and dealing with sexual feelings, and has limited social skills. He is able to work as a laborer, but would have much difficulty living independently of his family. He has difficulty understanding the serious nature of the charges. Defendant had not been able to explain why he committed these abusive acts, but said he had been drinking heavily at that time. He said he would never think of doing it again.
The court also noted that the defendant is physically disabled. Due to a birth defect, one side of his body is smaller than the other and one foot was turned backwards. The foot was surgically corrected when the defendant was a child. He dropped out of school after the seventh grade and worked for a while doing farm labor. He then worked for his uncle in a grocery store and a lounge. The defendant never married and had no children.
Regarding the defendant's criminal history, the court noted that the defendant was a first felony offender. He had several traffic violation convictions, including two for DWI and one for driving under revocation.
*1368 As to the present offense, the PSI report reveals that the victim informed her mother that the defendant instructed her not to tell anyone about the incident or he "would have to hurt her." The victim was afraid of the defendant, whom she had seen walking past her house after this incident and the child was undergoing counseling. The court also noted the defendant's admission to "molesting" another child.
The court made findings that there was an undue risk that defendant would commit another offense if granted probation, that he was in need of correctional treatment or a custodial environment, and that a lesser sentence would deprecate the seriousness of the offense. The court noted that the defendant used actual threats during the commission of the offense. The court found no excuse or justification for the offenses, nor did the court believe defendant would respond affirmatively to probationary treatment. Imprisonment would not entail excessive hardship upon him. The court found that the defendant knew or should have known the victim was particularly vulnerable due to her "extreme youth." The court also considered that the defendant was involved in another offense of a similar nature, which shows his propensity to involve young females in sexual acts and he poses a risk to other youthful victims in the future. The court found that the defendant used his position as a babysitter to facilitate the offense and found that the defendant had shown a complete lack of remorse until recently.
The record shows that the trial court adequately considered the guidelines of La. C.Cr.P. art. 894.1 in pronouncing sentence in this case and articulated the reasons for the sentence in the record. The court considered defendant's diminished mental capacity, limited education, and other matters submitted in brief as mitigation. There is no requirement that specific matters be given any particular weight. State v. Callahan, 29,351 (La.App.2d Cir. 2/26/97), 690 So.2d 864, writ denied 97-0705 (La.9/26/97), 701 So.2d 979.
The second prong or question in an excessiveness inquiry is whether the sentence imposed is unconstitutionally excessive. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. To determine whether a particular sentence is excessive, the reviewing court must decide whether it is so disproportionate to the severity of the crime as to shock the sense of justice. State v. Marshall, 94-0461, (La.9/5/95), 660 So.2d 819; State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973; State v. Lobato, 603 So.2d 739 (La.1992). A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Baxley, supra; State v. Lobato, supra.
As a general rule, maximum sentences are reserved for the worst offenders and the worst offenses. State v. Sepulvado, 26,948 (La.App.2d Cir. 5/10/95), 655 So.2d 623, writ denied 95-1437 (La.11/13/95), 662 So.2d 465; State v. Anderson, 29,282 (La. App.2d Cir. 6/18/97), 697 So.2d 651; State v. Madison, 535 So.2d 1024 (La.App. 2d Cir. 1988); State v. Walker, 573 So.2d 631 (La. App. 2d Cir.1991). Where the defendant has pled guilty to an offense which does not adequately describe his conduct, however, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. State v. Foster, 29,459 (La.App.2d Cir. 6/18/97), 697 So.2d 616.
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Woodman, 28,004 (La.App.2d Cir. 1/24/96), 666 So.2d 1255, writ denied 96-0489 (La.5/3/96), 672 So.2d 696; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.), writ denied, 435 So.2d 438 (1983); State v. Bradford, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La. App.2d Cir. 9/25/96), 682 So.2d 777, writ denied *1369 96-2590 (La.3/27/97), 692 So.2d 391; State v. Washington, 29,478 (La.App.2d Cir. 4/2/97), 691 So.2d 345.
Regarding the trial court's consideration of defendant's misconduct with the other child, the law provides that in selecting a proper sentence a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (1984); State v. Walker, supra.
In arguing that his sentences are excessive, the defendant refers in his brief to a number of other sex offense cases. However, those cases have different factual scenarios and do not prove that his sentence is excessive. The defendant's effort to show that his sentences are disproportionate to those imposed in other cases is of no avail. There is no proportionality guarantee in non-capital cases unless the reviewing court finds the sentence is grossly disproportionate to the circumstances of the offense. Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); State v. Callahan, supra.
The trial court's articulation of reasons for the sentence imposed are adequate and do not constitute an abuse of discretion. Here, defendant received a substantial reduction in sentencing exposure through his plea bargain agreement. The pled offenses do not adequately describe his conduct, in that he actually committed the offenses originally charged. Defendant is a recidivist on the DWI and traffic charges and has involved himself sexually with at least two underage females. This supports the court's determination that there is a risk of repeated misconduct if granted probation. Therefore, the sentence is tailored to both the offender and the offense and is not unconstitutionally excessive.

EX POST FACTO CLAIM
The defendant argues that the trial court erred in applying La. R.S. 15:537 to deny the defendant diminution of his sentence for good behavior. He claims that the imposition of this provision violates the Ex Post Facto Clause found in Article 1 § 19 of the United States Constitution and is contrary to Article 1 § 23 of the Louisiana Constitution. This argument has merit.
The state urges in brief that defendant's motion to reconsider sentence did not raise the ex post facto claim and therefore he should not be allowed to argue that issue on appeal. The timely filed motion to reconsider sentence specifically states "the sentence imposed is constitutionally harsh and constitutes cruel and unusual punishment and violates the ex post facto provisions of both the U.S. and Louisiana Constitutions." [Emphasis supplied.] The trial court was presented with this argument and denied the motion to reconsider sentence in its entirety. Therefore, we find that the motion sufficiently raised the issue and preserved it for appellate review.
La. R.S. 15:537 provides in pertinent part:
"If a person is convicted of or pleads guilty to a violation of any provision of ... Subpart A(1) ... of Part V, of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, and is sentenced to imprisonment for a stated number of years or months, the sentencing court may deny ... eligibility for diminution of sentence for good behavior unless diminution of sentence is prohibited by R.S. 15:571.3(C) or (D)."
The offenses to which the defendant pled guilty are within the listed subpart. None of the referenced exceptions apply to this case. This statute was added by Acts 1994, 3rd Ex. Session, No. 110, § 1, and became effective August 27, 1994.
Determining when the offenses occurred in this case is not clear cut. Neither the bill of information nor the factual basis provided at the guilty plea colloquy establish the date of the offense with more specificity than sometime "during the year 1994." The PSI report indicates the offense took place in January 1994. During his confession in October, 1994, the defendant stated the incident occurred "three or four months ago." This would place the offenses in June or July, 1994. At the guilty plea, the trial court said the date of the offense was in January. There was no objection to that statement. Even taking the June or July time frame for the offenses, La. R.S. 15:537 became effective after the date of the offenses.
*1370 Article 1 § 10 of the United States Constitution forbids the states from passing any "ex post facto law." California Department of Corrections, et al. v. Morales, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). The Ex Post Facto Clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." California Department of Corrections, et al. v. Morales, supra; State v. Loyd, 96-1805 (La.2/13/97), 689 So.2d 1321. The United States Supreme Court has pronounced that the prohibition against ex post facto laws precludes the state from (1) punishing as a crime previously innocent conduct, (2) increasing punishment after the commission of a crime, or (3) depriving the defendant of a defense available at the time of the commission of the crime. Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30. To be prohibited as an ex post facto law under the Untied States Constitution, a measure must be more than simply a retrospective law which alters a defendant's situation to his disadvantage. Collins v. Youngblood, supra.
Under the Louisiana Constitution, Art. 1 § 23, an ex post facto law is one passed "after the commission of an offense which in relation to that offense or its punishment alters the situation of the party to his disadvantage." State ex rel. Glover, 93-2330 (La.9/5/95), 660 So.2d 1189. Therefore, to qualify under Glover as an ex post facto law, the suspect legislation: (1) must be passed after the date of the offense, (2) must relate to the offense or its punishment, and (3) must alter the situation of the accused to his disadvantage. State v. Loyd, supra; State ex rel. Glover, supra. Therefore, in this case, we must determine whether the application of La. R.S. 15:537 to the defendant acts to increase his punishment after the commission of the offense.
In Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the United States Supreme Court unanimously held that a revision to Florida's sentencing guidelineswhich increased the length of incarceration for sexual offendersthat went into effect between the date of the defendant's offense and the date of his conviction, violated the ex post facto prohibition. The Court reasoned that the new guideline was more onerous than the prior law, as it impacted on the offender's presumptive sentence.
Defendant relies on Lynce v. Mathis, U.S. ___, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), to advance his claim that application of La. R.S. 15:537 in this case constitutes the ex post facto application of a law. In 1983, Florida authorized the award of provisional release credits which, if accrued, allowed for early release of prisoners. The defendant pled guilty to attempted murder in 1986. He gained release in 1992 through use of various credits, including provisional release credits. A subsequent 1992 statute canceled those credits retroactively and Lynce was re-arrested. He challenged the 1992 statute as being violative of the ex post facto prohibition.
The Supreme Court noted that laws which inflict a greater punishment than the law annexed to the crime when committed violate the ex post facto clause. To fall within the ex post facto prohibition, a law must be retrospectivethat is it must apply to events occurring before its enactmentand it must disadvantage the offender affected by it by, inter alia, increasing the punishment for the crime. The Court found the purpose of the legislation was to prevent early release of persons convicted of murder-related offenses. There, the statute took away an earned early release. Under those narrow circumstances the statute violated the ex post facto prohibition. See also Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).
In State v. Singleton, 96-203 (La.App. 5th Cir. 8/28/96), 680 So.2d 88, the defendant committed an armed robbery in December 1994, pled guilty in May 1995, was sentenced in December 1995, and was denied eligibility of diminution of sentence for good behavior based on La.C.Cr.P. art. 890.1, which went into effect in August, 1995.[2] The *1371 appellate court upheld the denial, finding it was not a violation of the ex post facto prohibition. However, the Louisiana Supreme Court granted writs and deleted the denial of eligibility for diminution of sentence for good behavior, finding that the statutory basis for the denial, under the circumstances, was a violation of the ex post facto prohibition. State v. Singleton, 96-2380 (La.2/7/97), 688 So.2d 486.
The present case is very similar to Singleton. The offense in this case occurred between January and July, 1994. The statute in question, La. R.S. 15:537, became effective in August, 1994 and made the defendant's sentence more onerous. The defendant entered his guilty plea in June 1996, and the statute was applied retrospectively to him. Therefore, the application of La. R.S. 15:537 to the defendant in this cased violated the ex post facto prohibition of both the United States and Louisiana Constitutions.
We have examined the record for error patent and found none.

CONCLUSION
For the reasons stated above, the defendant's convictions and sentences are affirmed. However, that portion of the sentences providing for denial of eligibility for diminution of sentence for good behavior is hereby deleted. The sentence, as amended, is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] Defendant also admitted that on another occasion, he had touched a thirteen year old female in the vaginal area, while she was clothed, "rubbed" her on the leg "and stuff like that." He also asked her "to rub on" him, but she refused. Charges relating to this incident are not presently before this court.
[2] La.C.Cr.P. art. 890.1 provides:

Notwithstanding any provision of the law to the contrary, if a person is convicted of or pleads guilty to a crime of violence as defined in R.S. 14:2(13) and is sentenced to imprisonment for a stated number of years or months, the sentencing court may deny or place conditions on eligibility for diminution of sentence for good behavior unless diminution of sentence is prohibited by R.S. 15:573.3(C) or (D).