|, DREW, J.
Frederick H. Lathan was convicted September 15, 1999, of two counts of distribution of C.D.S. Schedule II (La. R.S. 40:967) and on November 16, 1999, was sentenced to nine years hard labor on each count, with each sentence to run consecutively. On appeal the defendant complains that *773 insufficient evidence supports the conviction and that the sentences are excessive. We affirm the conviction and sentence.
FACTS
On July 7, 1998 the Monroe Police Metro Narcotics Unit conducted an undercover drug operation at the Kings Way Apartments at the 4200 block of Elm Street in Monroe. The police based the operation on a tip from a confidential informant (C.I.) that Frederick Hastings Lathan was selling drugs from that apartment complex.
A female sheriffs deputy from another parish made the undercover buys. The metro narcotics unit equipped her vehicle to videotape the driver’s side window and audio record the inside of the vehicle. Det. Michael Calloway, the case agent for metro narcotics, monitored the recordings from a distance.
Upon arrival at the apartment complex, the C.I. retrieved the defendant, who got into the undercover deputy’s vehicle and sat in the front passenger seat. His position prevented defendant from being picked up on the hidden video camera, but did allow an audio of the buy. The deputy initially asked for a “twenty” of weed. Defendant informed her he was out. The defendant then sold her one “rock” of crack cocaine for which the deputy paid defendant with $20.00 of pre-recorded buy money. Since the | ¡^transaction was not video recorded, immediately after the defendant left the vehicle, the deputy, under the pretext of asking when the pot would be available, spoke to the defendant at the driver’s side window where he was videotaped.
One month later, the deputy and the C.I., in the vehicle with the recording equipment returned to defendant’s apartment complex. Again, defendant got into the front passenger seat and the actual buy was not videotaped, but was audio-taped. Again, defendant sold her one “rock” of cocaine for $20.00 of pre-record-ed buy money. Again, immediately after the sale, the deputy had the defendant come to the front driver’s window so his face could be videotaped by the hidden camera.
Indicted by a grand jury and arrested on three counts of distribution of C.D.S. II, defendant was tried before a jury on September 13-15, 1999 on two counts. The first count, an earlier buy, was dismissed by the state. Det. Calloway, the case officer for the two buys, testified about the recording equipment and the undercover operation. Calloway stated he listened in on the two buys. He also testified that the undercover deputy brought the suspected cocaine to him. Calloway described the procedure for getting the substance to the crime lab where the rocks tested positive for cocaine. On July 15, 1999, just a few days after the first buy, Calloway conducted a photo lineup at which the undercover deputy identified Frederick H. Lathan as the person who sold her the cocaine.
The undercover deputy testified she went to the defendant’s apartment complex, and each time, bought a rock of cocaine from him for | a$20.00. She testified she identified defendant in the photograph lineup. Further, the witness identified defendant in open court as the seller of the two rocks of cocaine.
The defendant’s wife, Danielle Lathan, testified for the defense that defendant did not sell drugs. The defendant took the witness stand and admitted the meetings with the deputy, but denied selling her any cocaine or ever getting into her vehicle. Instead, he blamed the sales of cocaine on his wife’s first husband, who he apparently believed was the C.I.
*774 The jury found defendant guilty on both counts. On November 16, 1999, the trial court sentenced defendant to nine years on each count with the sentences to run consecutively. On November 29, 1999, defendant filed a motion to reconsider which was denied.
DISCUSSION
Contending that the evidence at trial was insufficient to support a conviction [1] the defendant argues that although the transaction was | ¿videotaped, the tape does not actually show the transaction. In addition, defendant relies upon the testimony of him and his wife denying that he had any involvement with drugs.
The state’s evidence showed that on both occasions, after the undercover deputy arrived at Kings Way Apartments, Det. Calloway overheard the drug transactions. After each buy took place, Calloway received from the deputy rocks that later-tested as cocaine. The undercover deputy not only positively identified the defendant as the person who sold her the cocaine in a photo line-up, but also in open court, stated that the defendant was the seller of that cocaine. The jury saw the video footage of defendant at the car window on each buy and heard the voices on the audiotapes.
The evidence, viewed in the light most favorable to the state, shows that on two occasions, defendant sold crack cocaine. Positive identification by only one witness may be sufficient to support a defendant’s conviction. State v. Davis, 27,961 (La.App.2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12.
In this case, defendant chose to testify and denied that he sold the cocaine while asserting that another person sold it. In cases involving a defendant’s claim that he was not the person who committed the crime, the Jackson rationale requires the state to negate any reasonable probability *775 of misidentrfication in order to carry its burden of proof. State v. Brady, 414 So.2d 364 (La.1982); State v. Baker, 28,152 (La. App.2d Cir.5/8/96), 674 So.2d 1108, unit denied, 96-1909 (La.12/6/96), 684 So.2d 925. Other |Kthan defendant’s testimony, there is no other evidence to support mis-identification. A jury’s decision to credit the State’s witnesses and not the defendant’s testimony is within their discretion. State v. Minnifield, 81,527 (La.App.2d Cir.1/20/99), 727 So.2d 1207, 1211, unit denied, 99-0516 (La.6/18/99), 745 So.2d 19.
The jury accepted the law officers’ testimony and rejected the defendant’s account of what took place. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,523 (La.App.2d Cir.4/2/97), 691 So.2d 347, unit' denied, 97-1203 (La.10/17/97), 701 So.2d 1333. This assignment is therefore without merit.
Next, the defendant contends that the trial court’s sentences of nine years for each count, to run consecutively, were excessive.[2] Defendant points out that he is a first felony offender. All of his prior charges were either traffic offenses or misdemeanors. Defendant further argues that he l^was married, supporting four children, and gainfully employed at the time of the offense. •
Arguing the sentences were not excessive, the state notes that the dismissal of one count reduced defendant’s potential sentencing exposure from 90 years to 60 years. The state further asserts that the trial court was concerned' that defendant was selling cocaine indiscriminately around children, and that the defendant was in a pattern of violent acts, including a pending drive-by shooting charge.
In this case, the trial court had benefit of a presentence investigation and received letters from the family and friends of the defendant. The court noted that the de *776 fendant was a first felony offender with a minor criminal history including a 1994 conviction for resisting arrest, resisting an officer by violence, and disturbing the peace, resulting in a combined six-month sentence. Other offenses were a May 1995 arrest for improper lane usage and no drivers license, that had been continued without date; a July 1997 conviction for aggravated battery with a sentence of 20 days and credit for time served; and a December 1998 arrest for failure to appear, improper lane usage, and no drivers license, which was continued without date. The last charge considered by the trial court was a December 1998 arrest for aggravated assault, a drive-by shooting, that occurred just before the arrest for the cocaine charges. That pending matter was set for trial a few days after this sentencing.
The trial court found that there was an undue risk that the defendant would commit another offense if given a suspended sentence. RThe trial court determined that the defendant was in need of correctional treatment best provided by a custodial environment and that a lesser sentence than that actually imposed would deprecate the seriousness of the offenses. The trial court noted that the defendant expressed no remorse in this case but insisted that he did not commit the acts.
The trial court in this case adequately complied with the provisions of La. C.Cr.P. art. 894.1 and articulated the reasons taken into consideration for imposing sentence. This included the trial court’s concern that the defendant was indiscriminately selling drugs in an apartment complex over a period of time. The trial court’s concern is supported by defendant’s own testimony at trial that indicates that he was using and sharing drugs at the apartment in which he and his wife’s children were present. In light of the defendant’s record, together with his clear lack of remorse over his actions, the sentence imposed is tailored to both the offender and the offense and does not shock the reviewing court’s sense of justice. The defendant’s argument that the sentence is excessive is without merit.
This record was examined for errors patent and none were found.
DECREE
The defendant’s conviction and sentence are AFFIRMED.

. When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La. 10/17/97), 701 So.2d 1333.
The standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Bosley, supra. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747. This court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const, art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir. 1984).

. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks, the sense of justice. State v, Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
As a general rule, a trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors he deems important to a determination of the best interest of the public and the defendant. State v. Delaughter, 29,974 (La.App.2d Cir. 12/10/97), 703 So.2d 1364; writ denied, 98-0018 (La.5/1/98),-So.2d-, 1998 WL 234691.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.