b DREW, J.
A jury found Jonathon King guilty as charged on one count of armed robbery, a violation of La. R.S. 14:64 punishable by *245 imprisonment for not less than 10 years nor more than 99 years without benefits. The trial court sentenced defendant to serve the statutory minimum of 10 years without benefits, and considered the motion for reconsideration to be waived because the sentence imposed was the statutory minimum.[1] Defendant argues his sentence is excessive. We affirm.
The matters of record show that on June 2, 2000, defendant and his half-brother, James Stevens, who was armed, entered a shoe store in Shreveport. Stevens demanded money from an employee and took his wallet at gunpoint. Defendant ordered another clerk to open the cash register and, when she was unable to do so, he acted as a lookout. Stevens made the first clerk open the safe, from which the robbers obtained over $800. The police were notified of the robbery while it was in progress and arrived as the perpetrators fled the scene. The police captured Stevens nearby. He confessed to the robbery and named defendant as his accomplice.
On appeal, defendant argues that his sentence is excessive and unfair because his co-defendant received a lesser sentence. We note that the defendant did not file any pleadings seeking to invoke the holdings of State v. Dorthey, 623 So.2d 1276 (La.1993), relative to any alleged miscarriage of justice in his sentencing.
 There is no proportionality guarantee in non-capital cases unless the reviewing court finds the sentence is grossly disproportionate to the circumstances of the offense. See, Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), in which the Court ruled “the Eighth Amendment contains no proportionality guarantee.” Accord, State v. Delaughter, 29,974 (La.App.2d Cir. 12/10/97), 703 So.2d 1364, writ denied, 98-0018 (La.5/1/98), 805 So.2d 201.
Whether a sentence is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse .of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Prior to imposing sentence, the court noted that the co-defendant’s case had been disposed of by a guilty plea to a reduced charge of simple robbery with a sentence of seven years. However, this defendant chose to go to trial and was found guilty of armed robbery. The court stated it could |snot impose a lesser sentence due to the armed robbery statute’s mandatory minimum.[2]
*246 On this record, we do not find constitutional error in this mandatory minimum 10-year sentence.[3] Defendant has not shown that he is exceptional or that because of unusual circumstances, he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
The record shows defendant was 26 years old at the time of trial. He had been a U.S. Marine for over four years, served as a military policeman, and received an honorable discharge. He had attended several semesters of college and had taken courses in criminal justice and social work. Defendant’s background renders it incomprehensible and inexcusable that he participated in an armed robbery.
The sentence imposed is lawful. Although defendant contends the sentence imposed on him is disproportionately harsh, the reverse is true: his co-defendant obtained a significant benefit from being allowed to- plead guilty to an offense which did not adequately describe his criminal conduct. This defendant’s sentence is neither grossly disproportionate to the severity |4of the offense of conviction nor is it shocking to our sense of justice. Therefore, it is not constitutionally excessive.
We have examined the record for error patent and found none. The conviction and sentence are AFFIRMED.
AFFIRMED.

. Actually, this was error, in that a defendant has a right to file a motion for reconsideration even when a minimum sentence is imposed, should he desire to contend the minimum sentence is constitutionally excessive. See, e.g., State v. Dorthey, 623 So.2d 1276 (La.1993).

. This is incorrect, as downward departures from the statutory minimum are justifiable in unusual circumstances. See, State v. Dorthey, supra; State v. Lindsey, 99-3302 (La.10/17/00), 770 So.2d 339; and State v. O'Neal, 34,814 (La.App.2d Cir.2001), 795 So.2d 1292. However, a lesser sentence than *246 the minimum is clearly not warranted under the sad facts of this violent crime. Defendant received 1/10 of the maximum sanction.

. Had the state simply chosen to bill this defendant under La. R.S. 14:64 and La. R.S. 14:64.3, the statutory minimum would have been 15 years, a firearm having been utilized in the commission of the crime.