945 So.2d 260 (2006)
STATE of Louisiana, Appellee,
v.
James Cody TILL, Appellant.
No. 41,659-KA.
Court of Appeal of Louisiana, Second Circuit.
December 13, 2006.
Louisiana Appellate Project by Sherry Watters, for Appellant.
Jerry L. Jones, District Attorney, Brian Harkins, Assistant District Attorney, for Appellee.
Before GASKINS, DREW and MOORE, JJ.
MOORE, J.
James Cody Till, the defendant herein, pled guilty to simple robbery and was sentenced to serve seven years imprisonment at hard labor. The defendant now appeals his sentence as constitutionally excessive. He also argues that the trial court failed to sufficiently tailor his sentence and improperly considered the sentencing range for the charged offense. Finding no merit to the defendant's assignment of error and arguments, we affirm.
The defendant was originally charged by bill of information with the armed robbery of a store clerk. The defendant entered the Easy Mart Store located at 7900 Desiard Street in Monroe, Ouachita Parish, on December 14, 2001, armed with a metal tire iron. He struck the clerk in the head with the metal tire iron and took a pack of Doral menthol cigarettes. After he was apprehended, the defendant made a post-Miranda recorded statement admitting his crime to the police.
*261 Pursuant to a plea bargain agreement, the defendant pled guilty to simple robbery. A pre-sentence investigation report was ordered, and no agreement was made regarding any cap on the defendant's sentence. The trial court thoroughly advised the defendant of his rights as per Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and made a diligent effort to determine his competence, literacy and understanding.
Before sentencing the defendant, the trial court noted that it had considered letters written on the defendant's behalf and the defendant's criminal and social history. The court allowed the defendant the opportunity to speak. The defendant expressed his remorse for his crime, and his desire to treat his addictions and prove himself to society by supporting his wife, child and stepchild. After discussing aggravating and mitigating factors, and the facts of the crime, including the physical harm inflicted upon the victim with the tire iron, the trial court sentenced the defendant to the maximum sentence of seven years imprisonment at hard labor. The trial court advised the defendant of his right to post-conviction relief, and advised of the time limitations for post-conviction relief. The defendant was granted an out-of-time appeal.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2 Cir. 6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App. 2 Cir. 1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2 Cir. 04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an *262 offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2 Cir. 5/12/04), 873 So.2d 939; State v. Lingefelt, 38,038 (La.App. 2 Cir. 1/28/04), 865 So.2d 280, writ denied, 04,057 (La.9/24/04), 882 So.2d 1165.
The record shows that the trial court carefully evaluated the defendant's background including any aggravating and mitigating circumstances in this case, thereby complying with La. C. Cr. P. art. 894.1. The court tailored its sentence to the gravity of this offense and this offender. Specifically, the court noted that while the defendant expressed to the court that he had changed because of religious beliefs, the court was nevertheless concerned about the defendant's recidivism based upon the report in the pre-sentence investigation regarding the defendant's substantial juvenile history of delinquency. Our review substantiates the trial court's conclusions regarding the defendant's troubled past.
Furthermore, although the defendant is a first felony offender who was given the maximum sentence for the crime of simple robbery, he received tremendous benefit from his plea bargain agreement. His sentencing exposure was reduced from a mandatory minimum sentence of 10 years and a maximum sentence of 99 years without benefits for armed robbery because he was allowed to plead guilty to the reduced charge of simple robbery.
Hence, finding no manifest abuse of discretion, this court may not set aside this sentence as excessive. See State v. Guzman, supra; State v. June, supra; State v. Lingefelt, supra. Accordingly, the defendant's sentence is affirmed.
AFFIRMED.