986 So.2d 213 (2008)
STATE of Louisiana, Appellee,
v.
Eddie ROBINSON, Jr., Appellant.
No. 43,313-KA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*214 Louisiana Appellate Project by G. Paul Marx, William R. Warren, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Marcus Patillo, Assistant District Attorneys, for Appellee.
Before CARAWAY, PEATROSS & MOORE, JJ.
PEATROSS, J.
Defendant, Eddie Robinson, Jr., was charged by bill of information with armed robbery, a violation of La. R.S. 14:64. Defendant pled guilty to the lesser offense of simple robbery, a violation of La. R.S. 14:65. After ordering a presentence investigation report, the trial court sentenced Defendant to 7 years at hard labor. A timely motion to reconsider sentence was filed and denied by the trial court. Defendant *215 now appeals his sentence as excessive. For the reasons stated herein, we affirm.

FACTS
On or about February 14, 2007, Defendant, armed with a handgun, went to the residence of his elderly uncle and took approximately $2,500 in cash. Later that day, police officers questioned a witness who stated that Defendant paid for gas, a Valentine's Day present and alcohol with hundred dollar bills. The witness also stated that he observed Defendant throw clothes worn during the robbery out the window of Defendant's vehicle. When he was approached by police officers, Defendant fled on foot before ultimately being apprehended.
As stated, Defendant was charged with armed robbery, a violation of La. R.S. 14:64. Subsequently, he pled guilty to the reduced charge of simple robbery and a presentence investigation report was ordered by the trial court. The trial court imposed the maximum sentence of 7 years at hard labor.
On appeal, Defendant argues that his sentence is excessive because the trial court gave no weight to the victim's desire that he not be prosecuted and because the sentence imposed will prevent him from making any meaningful restitution. Defendant further argues that his criminal record consists mostly of misdemeanors and a conviction for simple battery.
The State argues that the sentence is warranted by the circumstances of this case and the background of Defendant. The State further asserts that Defendant received a substantial benefit in his sentencing exposure because he was allowed to plead guilty to the offense of simple robbery.

DISCUSSION
In reviewing a sentence for excessiveness, this court's inquiry is two-pronged. First, the court must first determine whether there has been compliance with La. C. Cr. P. art. 894.1 in the imposition of sentence. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. State v. Price, 40,437 (La.App.2d Cir.1/25/06), 920 So.2d 389. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A second inquiry is made to determine whether the sentence is too severe given the circumstances of the case and the defendant's background. If it is a needless imposition of pain and suffering and is grossly disproportionate to the seriousness of the offense so as to shock one's sense of justice, the sentence is considered unconstitutionally excessive as violative of La. Const. art. 1, § 20. Both inquiries must be made to determine if the sentence imposed is proper. State v. Lobato, 603 So.2d 739 (La.1992).
A trial court has broad discretion to sentence within the statutory limits. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. *216 1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Before imposing the sentence, the trial court carefully reviewed the sentencing guidelines as required by La. C. Cr. P. art. 894.1. In particular, the trial court examined Defendant's criminal history, which included prior felony convictions for simple burglary, possession of a controlled dangerous substance, simple escape and aggravated escape. Further, the trial court stated that the victim of the offense was particularly vulnerable due to his ill health and advanced age. The trial court also addressed the fact that Defendant used a handgun in the commission of the offense, which created a risk of death or great bodily harm. After noting that there were no mitigating circumstances, the trial court sentenced Defendant to 7 years at hard labor.
The 7-year sentence at hard labor is not too severe given the circumstances of the case and Defendant's background. In addition, Defendant received a substantial benefit when the charge was reduced from armed robbery to simple robbery as the offense of armed robbery carries a minimum sentence of 10 years and a maximum sentence of 99 years at hard labor, without benefits. In contrast, the maximum sentencing exposure for simple robbery is 7 years with or without hard labor. In light of this substantial benefit, the 7-year sentence at hard labor does not shock the conscience of the court or appear to be a needless imposition of pain and suffering. On this record, we find no constitutional error. There is no showing of an abuse of the district court's discretion in the imposition of this sentence.

CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Eddie Robinson, Jr., are affirmed.
AFFIRMED.