STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-667

STATE OF LOUISIANA

VERSUS

EMMANUEL BARNES

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 1-466
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Shannon J. Gremillion, Judges.

AFFIRMED IN PART; VACATED IN PART.

J. Phillip Haney, District Attorney
Sixteenth Judicial District Court
Angela B. Odinet, Assistant District Attorney
307 Church Street
St. Martinville, LA 70582
(337) 394-2220
COUNSEL FOR APPELLEE:
        State of Louisiana

Paula C. Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
        Emmanuel Barnes

**GREMILLION, Judge.**

Defendant, Emmanuel Barnes, struck Jonathan Comeaux in the jaw while at a bar. As a result, Comeaux sustained a broken jaw, which was fixed with the use of screws and plates. Defendant was charged with second degree battery, a violation of La.R.S. 14:34.1. Defendant pled guilty. The trial court sentenced Defendant to serve four years, to run consecutively to time he was serving for a parole violation. The trial court also ordered that he pay restitution as a condition of his parole. Defendant filed a motion to reconsider sentence, which was denied.

Defendant is now before this court asserting two assignments of error. He contends that his sentence is excessive and the trial court erred in ordering restitution as a condition of parole.

### ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Defendant contends that the victim sustained a broken jaw in a fight wherein Defendant mistook the victim for the man who had fought his brother earlier that night. Defendant contends that, under these circumstances, the trial court abused its discretion in sentencing him to a near-maximum sentence of four years at hard labor for second degree battery.

Defendant was sentenced on December 16, 2011, and filed his motion to reconsider sentence on January 25, 2012. Louisiana Code of Criminal Procedure Article 881.1(A)(1) provides the mechanism for preserving the review of a sentence on appeal, and makes clear that a convicted person has "thirty days following the imposition of sentence . . . [to] file a motion to reconsider sentence." Defendant has, therefore, waived his right to seek review of his sentence. However, this court has reviewed claims of excessiveness when no objection was made and no motion to reconsider sentence was filed. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38

So.3d 336, *cert. denied*, __ U.S. __, 131 S.Ct. 932 (2011). Accordingly, we will review Defendant's claim as a bare claim of excessiveness.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

> 1. The nature of the crime,

> 2. The nature and background of the offender, and

> 3. The sentence imposed for similar crimes by the same court and other courts.

Defendant was convicted of second degree battery, which is punishable by a fine of not more than two thousand dollars or imprisonment, with or without hard labor, for not more than five years, or both. La.R.S. 14:34.1(C). He was sentenced to serve four years.

The trial court stated at sentencing:

He pled guilty to the second degree battery. I will just say for the record that his criminal history started in 2004, simple battery in 2009, a crime of violence. Another simple battery for arrest a month later was dismissed. Again, a second degree battery felony sentencing for arrest made December 21st, 2005. He pled guilty under Docket No. 0669 to second degree battery June 16, 2006, previous hard labor, two years supervised probation. His probation was revoked therein. In addition to that, bore an arrest on March 26, 2006, and he pled guilty under Docket Number 06-1043, possession with the intent to distribute cocaine on September 18th, 2007, 15 years hard labor, suspend all but five. That would have been the second felony offense. And then upon arrest on September 26, 2006, a domestic abuse battery, followed imprisonment. Ultimately, pled guilty under 06-4942 to no contest on domestic abuse battery on September 25, 2006. He did 90 days in the parish jail, another crime of violence. Possession and arrest on August 14, 2010, possession of a Schedule II with the intent to distribute it. I have no other disposition on that. January 28, 2011, the instant offense, and he pled guilty to that in September. . . .

The trial court continued as follows:

You are a 25-year-old man because you have children to take care of. And so you get what I call the youth points, as opposed -- but your sentence is serious and because a felony is serious. And I don't know. People talk about -- your criminal history is what it is. You don't get any benefits of any doubt. You don't get to help your brother out in a fight. You and your brother should avoid situations where they are in a fight. That's the bottom line.

. . . .

Your crimes have been crimes of violence, sir, and crimes involving drugs. And I hope for the last 11 months that you've made a decision about your life and the kind of man you want to me [sic]. Hopefully, that's different than the kind of man you have been. But just because you've had an inward change of heart -- and I believe if you say you have, we'll see. Time will tell. That doesn't mean that you go without responsibility and consequences -- but the youth benefit that I am going to give you may not mean anything to you, but it certainly means something to me. You are at the top of -- you are a five-year sentence. No problem with that because that's the max of second degree battery. But I'm going to give you four years because you are a youthful offender.

As part of Defendant's plea bargain, the State agreed not to charge

Defendant as a habitual offender.

3

In *State v. Guilbeau*, 10-1316, 2011 WL 1744184 (La.App. 3 Cir. 5/4/11), the defendant, a first felony offender, was convicted of second degree battery and sentenced to five years at hard labor. This court noted the defendant had an extensive history of fighting and found that his sentence was not excessive.

In *State v. Fortino*, 02-708 (La.App. 5 Cir. 12/30/02), 837 So.2d 684, *writ denied*, 03-251 (La. 5/9/03), 843 So.2d 395, the defendant was found guilty of the second degree battery of his estranged wife and was sentenced to four years at hard labor. The court noted that the defendant had a long history of abusing women after little or no provocation and found that his sentence was not excessive.

Considering Defendant's criminal history and the fact that the State agreed not to charge him as a habitual offender, we find the trial court did not abuse its discretion when imposing a four-year sentence. Accordingly, this assignment of error lacks merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Defendant contends that the trial court erred in ordering restitution as a condition of parole. The State contends that the trial court merely recommended that Defendant pay restitution as a condition of parole.

The minutes of sentencing state the following: "The Court recommended condition of parole to pay restitution in the amount to be determined prior to release." However, the minutes are incorrect. The trial court in fact ordered restitution as a condition of parole, stating the following: "I will order that he be ordered to pay restitution as a condition of his parole." "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

4

The Board of Parole alone may place conditions on Defendant's parole under La.R.S. 15:574.4. The trial court is not authorized to place conditions on Defendant's parole. Therefore, the condition placed on Defendant's parole is, hereby, vacated. *See State v. Craft*, 01-248 (La.App. 3 Cir. 10/3/01), 796 So.2d 907; *State v. Foshee*, 99-1423 (La.App. 3 Cir. 4/5/00), 756 So.2d 693.

**DECREE**

Defendant's sentence of four years is affirmed. The trial court's order of restitution as a condition of parole is, hereby, vacated.

**AFFIRMED IN PART; VACATED IN PART**.