NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1410

STATE OF LOUISIANA

VERSUS

VICTOR SARVAUNT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 6530-08
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and John E. Conery, Judges.

AFFIRMED.

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**14th Judicial District**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, Louisiana 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Victor Sarvaunt**

**CONERY, Judge.**

Defendant, Victor Sarvaunt, was charged by bill of indictment with counts one and two – sexual battery, violations of La.R.S. 14:43.1, and counts three and four – aggravated rape, violations of La.R.S. 14:42. The victim, S.G.,[1] was under the age of thirteen.

Counts three and four were amended to aggravated incest, violations of La.R.S. 14:78.1, and on the day the matter was set to go to trial, the State amended count four to indecent behavior with a juvenile, a violation of La.R.S. 14:81. Defendant entered an *Alford*[2] plea to count four, and in exchange, the State dismissed counts one, two, and three.

On July 16, 2013, the trial court sentenced Defendant to seven years at hard labor, four years suspended, and Defendant was placed on four years of supervised probation. Conditions of probation were ordered.

A motion to reconsider sentence was filed in the trial court and was subsequently denied.

## FACTS

The factual basis given by the State at the guilty plea proceeding indicated that between August 29, 2006, and August 28, 2007, Defendant touched the vaginal area of S.G., date of birth August 29, 2000, with his mouth and penis on more than one occasion.

---

[1] The victim's initials are used pursuant to La.R.S. 46:1844(W).

[2] *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970).

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

## ASSIGNMENT OF ERROR

Defendant argues that his sentence is excessive for a first time offender. Defendant entered an *Alford* plea to one count of indecent behavior with juveniles. Louisiana Revised Statutes 14:81 provides, in pertinent part:

> A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
>
> (1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense; or
>
> (2) The transmission, delivery or utterance of any textual, visual, written, or oral communication depicting lewd or lascivious conduct, text, words, or images to any person reasonably believed to be under the age of seventeen and reasonably believed to be at least two years younger than the offender. It shall not be a defense that the person who actually receives the transmission is not under the age of seventeen.

At Defendant's sentencing, the State clarified, "[F]or the record, the defendant did enter his plea to Louisiana Revised Statute[s] 14:81.H(1), which is the victim over the age of 13. That was part of the plea." Defense counsel agreed, and the trial court advised Defendant that the sentencing range was zero to seven years and/or a fine of zero to $5,000.00. Defendant was sentenced to seven years at hard labor, four years suspended, and he was placed on four years of supervised probation.

Louisiana Code of Criminal Procedure Article 881.1(E) requires a defendant to make or file a motion to reconsider his sentence within thirty days of imposition of the sentence. In Defendant's motion to reconsider sentence filed in the trial court, Defendant argued that he presented at sentencing "mitigating circumstances which justify a reduction of sentence." Defendant failed to specify the circumstances to which he was referring. In his brief to this court, Defendant states he is a first time offender and notes that many letters from "neighbors, friends, employers and acquaintances of forty years were submitted in support of a lesser sentence." Defendant argues, "The maximum sentence allowed pursuant to the plea to Section (1) of LSA 14:81 is not warranted for this offender."

In *State v. Barnes*, 12-667, p. 2 (La.App. 3 Cir. 12/5/12), 103 So.3d 1254, 1256, this court explained:

> This court discussed the standard of review applicable to claims of excessiveness in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, as follows:
>
>> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert.*

3

> *denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539
> (1996).
>
> The fifth circuit, in [*State v*.] *Lisotta*, [98-648
> (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated
> that the reviewing court should consider three factors in
> reviewing the trial court's sentencing discretion:
>
> 1.  The nature of the crime,
>
> 2.  The nature and background of the
> offender, and
>
> 3.  The sentence imposed for similar crimes
> by the same court and other courts.

### Nature of the crime

Between August 29, 2006, and August 28, 2007, Defendant touched the vaginal area of S.G. with his mouth and penis on more than one occasion. S.G. was his step-grandchild. S.G., who was roughly six years old at the time the offensive acts were committed, was living with Defendant and her maternal grandmother, Defendant's wife, because S.G.'s mother was incarcerated.

Defendant was originally charged with two counts of aggravated rape and two counts of sexual battery. Defendant denied committing the crime.

### Nature and background of the offender

Defendant was fifty years old at the time he entered his guilty plea. Defendant acknowledged he could read and write the English language. The parties alleged that Defendant is a first-time offender. The record before this court does not indicate that a Presentence Investigation Report was conducted.

### Sentence imposed for similar crimes by the same court and other courts

Defendant failed to cite any cases in support of his argument that his sentence is excessive. Because of the benefit Defendant received in the reduction of the initial charges and his sentencing exposure, similar cases would not be

beneficial in this case. As noted above, the victim was under thirteen at the time the alleged offensive conduct occurred. Thus, according to La.R.S. 14:81(H)(2), the applicable penalty was two to twenty-five years at hard labor with at least the first two years to be served without benefit of probation, parole, or suspension of sentence. Defendant benefited greatly by being sentenced under La.R.S. 14:81(H)(1) instead of La.R.S. 14:81(H)(2). Additionally, Defendant was initially indicted for aggravated rape, two counts, which carries a sentence of life imprisonment. La.R.S. 14:42. Moreover, the State dismissed three other counts, one count of aggravated rape amended to aggravated incest, and two counts of sexual battery. Furthermore, although Defendant was sentenced to seven years at hard labor, the maximum allowed under La.R.S. 14:81(H)(1), the trial court suspended four years of the sentence. By being sentenced under La.R.S. 14:81(H)(1), Defendant was not subjected to additional parole restrictions as he would have been under La.R.S. 14:81(H)(2).

Accordingly, this court finds that Defendant's claim lacks merit.

## DISPOSITION

Defendant's sentence is affirmed.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.** Uniform Rules—Courts of Appeal, Rule 2-16.3.

5