NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-51

STATE OF LOUISIANA

VERSUS

JIMMY L. BARTIE

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 22315-08
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, James T. Genovese, and John E. Conery, Judges.

AFFIRMED.

**John Foster DeRosier**
**District Attorney, Fourteenth Judicial District**
**Karen C. McLellan**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2806**
**Monroe, LA 71207-2806**
**(318) 855-6038**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jimmy L. Bartie**

**SAUNDERS, Judge.**

This case returns to this court after a remand for resentencing. The prior opinion related the background of the case:

On November 13, 2008, the defendant was indicted by a grand jury as follows:

Count 1: Armed robbery with a firearm, in violation of La.R.S. 14:64.3;

Count 2: Carjacking, in violation of La.R.S. 14:64.2;

Count 3: Aggravated kidnapping, in violation of La.R.S. 14:44;

Count 4: Armed robbery with a firearm, in violation of La.R.S. 14:64.3;

Count 5: Attempted first degree murder, in violation of La.R.S. 14:27 and 14:30;

Count 6: Armed robbery with a firearm, in violation of La.R.S. 14:64.3;

Count 7: Attempted aggravated kidnapping, in violation of La.R.S. 14:27 and 14:44; and

Count 8: Carjacking, in violation of La.R.S. 14:64.2.

Following a jury trial, the defendant was found guilty as charged in Counts 1, 2, 3, 4, 5, 6, and 8 on September 8, 2011.

On November 2, 2011, the defendant was sentenced as follows: aggravated kidnapping--life imprisonment; attempted first degree murder--fifty years "without benefit"; two counts of carjacking--twenty years "without benefit" on each count, to run concurrently with each other and all other sentences; and three counts of armed robbery--fifty years "without benefit," on each count, to run consecutively to each other and all other sentences. The defendant did not object to his sentences or file a motion to reconsider his sentences.

The defendant is now before this court on appeal, arguing that the evidence adduced at trial was insufficient to support his convictions. The defendant also contends that his sentences of life imprisonment plus a consecutive 150 years is excessive under the facts and circumstance of the case.

*State v. Bartie*, 12-673, pp. 1-2 (La.App. 3 Cir. 12/5/12), 104 So.3d 735, 737, *writ denied*, 13-39 (La. 8/30/13), 120 So.3d 256.

This court vacated Defendant's conviction and sentence for aggravated kidnapping, found him guilty of the lesser-included offense of second degree kidnapping, and remanded for resentencing. The court also vacated the sentences for armed robbery with a firearm and remanded for resentencing. The other convictions and sentences were affirmed. This court also remanded for disposition for a count of the indictment, attempted aggravated kidnapping, for which no verdict was returned. *Id.* at 738-39, 751.

On May 29, 2013, the trial court held the required hearing and amended the fifty-year sentence on each of the armed robbery counts to run concurrently with each other but consecutively to the attempted first degree murder sentence. The five-year enhancement for use of a firearm was applied to each armed robbery count. For the second degree kidnapping conviction, the trial court imposed a sentence of forty years at hard labor concurrent to all other charges except attempted first degree murder. In addition, the State dismissed the count of attempted aggravated kidnapping that lacked a verdict. The carjacking counts are concurrent with each other but consecutive to attempted first degree murder. Thus, Defendant must serve a total of one-hundred and five years.

Defendant now returns to this court for review of his sentences.

## FACTS:

The underlying facts of this case were succinctly recounted in the previous appeal:

> On the evening of October 27, 2008, and early morning of October 28, 2008, the defendant and an accomplice committed a string of violent crimes. The first victim was kidnapped at gunpoint and forced to drive the defendant and his accomplice around town in his own vehicle. He was later forced into the trunk where he rode

2

around town until he was able to free himself and escape. Soon thereafter, the second victim was robbed at gunpoint of his wallet. Next, the third victim was driving down the road when she was struck from behind by the defendant and his accomplice who were in the vehicle belonging to the first victim. When she stopped to assess for damage to her vehicle, the defendant and his accomplice held her at gunpoint. They attempted to force the victim into the trunk but fled the scene to avoid detection by an oncoming car, taking the victim's vehicle and the vehicle belonging to the first victim. The fourth and last victim was also struck from behind by the defendant and his accomplice who were driving the vehicle belonging to the third victim. The victim was also held at gunpoint. When he was instructed to get in the truck, he attempted to escape and was shot in the back.

*Id.* at 737.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find two errors patent.

First, the trial court imposed an illegally lenient sentence for the conviction of second degree kidnapping. Louisiana Revised Statutes 14:44.1 requires imposition of a hard labor sentence of not less than five nor more than forty years with at least two years of the sentence being served without benefit of parole, probation, or suspension of sentence. The trial court failed to impose a portion of the sentence without benefit of parole, probation, or suspension of sentence. This rendered Defendant's sentence illegally lenient.

In *State v. Jacobs*, 08-1068, p. 2 (La.App. 3 Cir. 3/4/09), 6 So.3d 315, 317 *writ denied*, 09-755 (La. 12/18/09), 23 So.3d 931, this court, after recognizing the trial court's failure to impose a mandatory fine as error patent, stated, "this court will not recognize an illegally lenient sentence claim unless it is a raised error." Here, the illegally lenient sentence was not raised as error. Therefore, we will not recognize the error.

Second, there is an error patent regarding the advisement of La.Code Crim.P. art. 930.8. Article 930.8 provides, in pertinent part:

No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922[.]

Louisiana Code Criminal Procedure Article 914 provides:

A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.

B. The motion for an appeal must be made no later than:

(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.

(2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.

At sentencing, the trial court correctly advised Defendant, "[Y]ou have two years from when this judgment of conviction and sentence becomes [sic] final to file post-conviction." However, when Defendant asked, "[t]hat would start today here, huh?" The trial court incorrectly responded, "[Y]es."

Accordingly, we direct the trial court to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within thirty days of the rendition of this opinion. Further, we direct that written proof be filed in the record that Defendant received the notice. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## ASSIGNMENTS OF ERROR:

Defendant assigns two errors, but combines them in brief. In his first assignment of error, he argues that the combined sentences, totaling one hundred and five years, are excessive. In his second assignment of error, he argues the trial

4

court failed to state sufficient reasons to support the sentence. We find merit in neither assigned error.

Louisiana Code of Criminal Procedure Article 881.1 states:

Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

At the time the Defendant's sentences were imposed, defense counsel did not object to the sentences, and no motion to reconsider sentence was subsequently filed. In *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356, the defendant failed to object to the sentence imposed at the sentencing hearing and did not timely file a motion to reconsider sentence; thus, this court found his claim of excessiveness of sentence was barred. *See also State v. Fletcher*, 00-968 (La.App. 3 Cir. 12/6/00), 776 So.2d 1240, *writ denied*, 01-342 (La. 12/14/01), 803 So.2d 986; *State v. Charles*, 00-1611 (La.App. 3 Cir. 5/9/01), 787 So.2d 516, *writ denied*, 01-1554 (La. 4/19/02), 813 So.2d 420; *State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59; *State v. Algere*, 09-85 (La.App. 3 Cir. 6/3/09) (unpublished opinion); *State v. Robinson*, 09-735 (La.App. 3 Cir. 12/9/09) (unpublished opinion); *State v. Stapleton*, 09-891 (La.App. 3 Cir. 2/3/10) (unpublished opinion); *State v. Gresham*, 10-474 (La.App. 3 Cir. 11/3/10) (unpublished opinion), *writ denied*, 10-2699 (La. 4/25/11), 62 So.3d 90. Based on these cases, this court reasonably could find that Defendant waived his right to seek review of his sentences.

However, this court has reviewed claims of excessiveness where no objection was made and no motion to reconsider sentence filed. *See State v. Davis*, 06-922 (La.App. 3 Cir. 12/29/06), 947 So.2d 201; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied*, 09-606 (La. 12/18/09), 23 So.3d 936;

*State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352; *State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, __ U.S. __, 131 S.Ct. 932 (2011); *State v. Dial*, 09-446 (La.App. 3 Cir. 12/9/09) (unpublished opinion); *State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 52 So.3d 885; *State v. J.S.*, 10-391 (La.App. 3 Cir. 11/3/10) (unpublished opinion); *State v. Bergeron*, 12-71 (La.App. 3 Cir. 10/3/12), 99 So.3d 90, *writ denied*, 12-2388 (La. 4/26/13), 112 So.3d 837; *State v. Barnes*, 12-667 (La.App. 3 Cir. 12/5/12), 103 So.3d 1254; *State v. Mouton*, 12-836 (La.App. 3 Cir. 2/27/13), 129 So.3d 49; *State v. Acker*, 12-1116 (La.App. 3 Cir. 4/3/13), 111 So.3d 535; *State v. Arceneaux*, 12-1047 (La.App. 3 Cir. 4/3/13), 111 So.3d 1177.

In an attempt to finalize this case that has already been to various levels of our legal system, we choose to review Defendant's claim as a bare claim of excessiveness.

The standard test for excessiveness claims is established:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59.

The trial court did not provide any explicit reasoning at the resentencing hearing. It did not give extensive reasons at the original sentencing either, but, in the first appeal, this court observed:

The sentencing range for attempted first degree murder is ten to fifty years at hard labor, without benefit of parole, probation, or suspension of sentence. Thus, the defendant received the maximum possible sentence. La.R.S. 14:30 and 14:27. The sentencing range for carjacking is two to twenty years, without benefit of parole, probation, or suspension of sentence. La.R.S. 14:64.2. Again, the defendant received the maximum possible sentences for his two carjacking convictions. Although the defendant received maximum sentences for attempted first degree murder and carjacking, his sentences for these crimes were ordered to run concurrently with his life sentence for aggravated kidnapping, which has now been vacated.

At sentencing, victim Shakespeare addressed the court as follows:

MR. SHAKESPEARE:

It's been a long road, you know, it's been three years now, it's a good day that this day has finally came, but I don't know, I just think that he should get what he gave to me and everybody else, hard time, trouble. Even though it's been three years from this, almost three years and two days three days, you know, I go through everything--I mean, I have problems every day, I mean, from walking, running, playing with my kids, and it's just hard, but, you know, I'm just happy to be here and get this over with and I trust that the justice system will do the right thing. That's all I have to say. Thank you.

THE COURT:

7

Well, you've got a great attitude for someone who has gone through hell, and I appreciate you[r] testifying and speaking today.

MR. SHAKESPEARE:

Thank you.

THE COURT:

Thank you, sir.

The state subsequently stressed that the defendant was found guilty as charged by a jury of his peers and urged the trial court to impose the maximum sentences. The State addressed the defendant's criminal history, including simple robbery and several other arrests, and emphasized he had wreaked havoc on several individuals for no reason. Lastly, the state maintained the defendant showed no respect for human life, shooting one of the victims and leaving him for dead. Defense counsel, on the other hand, contended that the defendant had some degree of remorse with regard to "some of the instances." Given the opportunity, however, the defendant chose not to speak on his behalf at sentencing. Defense counsel stated that the defendant had no reason to say anything at sentencing.

Considering the serious nature and violence used in the commission of the offenses, the trial court in its discretion could have reasonably imposed consecutive sentences for one or more of these offenses even though they constituted parts of a common scheme or plan. "Although Louisiana law favors concurrent sentences for crimes committed as part of a single transaction, La.C.Cr.P. art. 883; *State v. Underwood*, 353 So.2d 1013, 1019 (La.1977), a trial judge retains discretion to impose consecutive penalties on the basis of other factors, including the offender's past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community. *State v. Williams*, 445 So.2d 1171, 1182 (La.1984); *State v. Jacobs*, 371 So.2d 727, 732-33 (La.1979) (on reh'g)." *State v. Thomas*, 98-1144, p. 1 (La.10/9/98), 719 So.2d 49, 49. Additionally, with regard to the maximum sentences imposed on the defendant, the courts agree that maximum sentences are typically reserved for the most serious offenses and the most egregious offenders. *See State v. Baker*, 08-54 (La.App. 3 Cir. 5/7/08), 986 So.2d 682. Accordingly, we find the defendant's concurrent sentences for attempted first degree murder and carjacking are not excessive.

*Bartie*, 104 So.3d at 749-50.

Similar reasoning applies here. Defendant's forty-year sentence for second degree kidnapping is the maximum available pursuant to La.R.S. 14:44.1. The

facts of this case, recited earlier, show that Defendant is the worst kind of offender for this serious offense. The kidnapping at issue was part of a violent crime spree that can fairly be described as egregious. Thus, the maximum term was not excessive.

Regarding armed robbery with a firearm sentences, the trial court merely added to each of them the five-year term mandated by La.R.S. 14:64.3. The court also amended these sentences to be concurrent with each other and all other charges except for attempted first degree murder. Again, we find the facts of the case and the reasoning applied in the prior appeal demonstrate that Defendant was an egregious offender and, thus, properly subject to the maximum sentences available.

Defendant complains that the court did not elaborate any reasons at either sentencing proceeding. We find this complaint meritless, as this court found sufficient facts in the record to conduct a review in the prior appeal, and we find that the current record contains enough facts to support the sentences.

Next, Defendant contends that his one-hundred-and-five-year sentence is effectively a life term. Considering the number of violent offenses involved in light of the reasoning this court applied in the prior opinion, the total term is not excessive. Further, as this court pointed out the total term could have been longer, as more of the sentences could have been made consecutive.

Defendant implies that that the many offenses he committed during his crime spree constituted a single course of conduct and, thus, should have drawn concurrent sentences. He cites La.Code Crim.P. art. 883, which states:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless

9

the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

Thereafter, Defendant acknowledges jurisprudence holding that concurrent sentences are not mandatory even when they arise from a single course of conduct. Defendant argues, notwithstanding that jurisprudence, because the trial court did not state the factors considered when rendering consecutive sentence, his sentence is in error.

Defendant did not raise this issue in his motion to reconsider and, thus, failed to preserve it. Regardless, such a lack of reasons does not require remand when the record supports consecutive sentences. *State v. Hampton*, 38,017 (La.App. 2 Cir. 1/28/04), 865 So.2d 284, *writ denied*, 04-834 (La. 3/11/05), 896 So.2d 57, *writ denied*, 04-2380 (La. 6/3/05), 903 So.2d 452. The amended sentencing scheme has significantly shortened the total term that Defendant must serve, although there may be no practical difference.

For the reasons discussed, Defendant's sentences are affirmed.

## <u>DECREE</u>:

Defendant's sentences are affirmed. However, this court directs the trial court to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within thirty days of the rendition of this opinion and filing written proof in the record that Defendant received the notice.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules-Courts of Appeal, Rule 2-16.3.

10