# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 14-1197

**STATE OF LOUISIANA**

**VERSUS**

**DONNY R. MORGAN**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2011-559
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Shannon J. Gremillion, and David Kent Savoie, Judges.

**SENTENCE VACATED, REMANDED, WITH INSTRUCTIONS.**

**Hon. David W. Burton**
**District Attorney - 36th Judicial District Court**
**P. O. Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Donny R. Morgan**

**Donny R. Morgan**
**ALC Mercury D-2**
**3751 Lauderdale Woodyard Road**
**Kinder, LA 70648**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Donny R. Morgan**

**SAUNDERS, Judge.**

Defendant, Donny R. Morgan, was originally charged by bill of information with five offenses. He pled guilty on November 7, 2011, to the fifth count, molestation of a juvenile between January 8, 2010 and January 15, 2011, in violation of La.R.S. 14:81.2(D)(1). His attorney, however, indicated on the record that his plea would be to La.R.S. 14:81.2(C). Defendant's case was conferenced again on January 12, 2012, during which all parties agreed to amend the plea to reflect an admission of guilt with respect to count three, which charged molestation of a juvenile between January 8, 2005 and August 14, 2006 under La.R.S. 14:81.2(C). Sentencing occurred on January 25, 2012, with the court sentencing Defendant to twenty years. Defense counsel orally objected to the sentence as being excessive.

Defendant filed an application for post-conviction relief on January 21, 2014, alleging ineffective assistance of counsel for his attorney's failure to give notice of intent to appeal, to perfect an appeal, or to advise Defendant of his right to appeal. The trial court found Defendant's argument to have merit and granted an out-of-time appeal.

Defendant now appeals alleging two assignments of error. First, Defendant asserts he received ineffective assistance of counsel in violation of U.S. Const. Amend VI. Second, Defendant asserts his sentence is illegally excessive in violation of U.S. Const. amend. VIII, U.S. Const. art. I, § 9, La.Const. art. I, § 20, and La.Const. art. I, § 23. Our analysis indicates that this court need not address the first claim. The sentence is indeed excessive and must be vacated, and the matter remanded to the trial court for resentencing pursuant to La.Code Crim.P. art. 881.5.

## FACTS:

Count three of the bill of information reads as follows:

On or about January 8, 2005 through August 14, 2006, DONNY R. MORGAN, did willfully and unlawfully violate R.S. 14:81.2 A, C, Molestation of a Juvenile, in that Donny R. Morgan is over the age of seventeen, having been born on January 23, 1978, did commit lewd and lascivious acts upon and in the presence of S.R.[1] a child under the age of seventeen, having been born on January 8, 1997, by touching the genitals and breast of S.R. and having S.R. touch the genitals of Donny R. Morgan, with the intention of arousing or gratifying the sexual desires of Donny R. Morgan, by the use of influence by virtue of a position of control or supervision over S.R., and there is an age difference greater than two years between the two persons, (a felony)[.]

The State does not dispute these facts.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there is an error patent regarding the illegality of the sentence imposed. This error was raised in assignments of error numbers one and two and will be discussed below.

## ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:

Defendant's assignments of error will be discussed together because Defendant's ineffective assistance of counsel claim is predicated on the fact that he received an illegal sentence. However, this court need not address Defendant's argument regarding ineffective assistance of counsel for three reasons. First, the State concedes that the sentence is illegally excessive and requires remand for resentencing. Second, La.Code Crim.P. art. 881.5 authorizes the trial court to correct an illegal sentence "at any time" if it "exceeds the maximum sentence

---

[1]The victim's initials have been used to protect her privacy as required by La.R.S. 46:1844(W).

authorized by law" regardless of whether counsel was ineffective or not. Finally, "this court has reviewed claims of excessiveness when no objection was made and no motion to reconsider sentence was filed." *State v. Barnes*, 12-667, p. 1 (La.App. 3 Cir. 12/5/12), 103 So.3d 1254, 1255-56. In such cases, the court reviews the claim as a bare claim of excessiveness. *Id.* at p. 1256. A bare claim of excessiveness review considers whether there exists a manifest abuse of the court's discretion in sentencing a defendant within the statutory limits. *Id.* (quoting *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59). Here, based on this court's review of the applicable law, the sentence is illegal, and, therefore, there is a clear abuse of discretion because the sentence exceeds that allowed by law. Under the circumstances, we find that counsel's failure to make an oral or written motion to reconsider is immaterial.

In *State v. Sugasti*, 01-3407, p. 4 (La. 6/21/02), 820 So.2d 518, 520, the supreme court stated:

> This court has consistently held that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. *State v. Wright*, 384 So.2d 399, 401 (La.1980). A defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense. *State v. Narcisse*, 426 So.2d 118, 130-131 (La.1983).

According to the charging instrument and plea transcript, Defendant committed the crime of molestation of a juvenile between January 8, 2005, and August 14, 2006. Therefore, the law in effect on and between those two dates controls under *Sugasti*.

La.R.S. 14:81.2(C) was amended by the state legislature by Acts 2006, No. 36, § 1, increasing the authorized sentence for a violation of that section to five to twenty years, with an effective date of August 15, 2006. Applying *Sugasti*, the trial court's twenty-year sentence is illegally excessive by five years, since the law in

effect when Defendant committed the crime permitted only a sentence of "not less than one nor more than fifteen years."

## DECREE:

Defendant's conviction encompasses conduct occurring between January 8, 2005, and August 14, 2006. Therefore, the law in effect on and between those dates determines his sentence under Louisiana jurisprudence. The law in effect at the relevant time provided for a sentence of "not less than one nor more than fifteen years." As such, the trial court exceeded its authority by sentencing defendant to twenty years at hard labor. We remand the matter to the trial court to correct Defendant's illegal sentence. Defendant's sentence is vacated and Defendant is to be resentenced pursuant to La.Code Crim.P. art. 881.5.

**SENTENCE VACATED, REMANDED, WITH INSTRUCTIONS.**

4