NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1187

STATE OF LOUISIANA

VERSUS

DONNY R. MORGAN

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2011-559
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

BILLY H. EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy H. Ezell, and James T. Genovese, Judges.

SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.

**James R. Lestage**
**District Attorney**
**Thirty-Sixth Judicial District Court**
**Richard Frederick Blakenship**
**Assistant District Attorney**
**P.O. Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P.O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Donny R. Morgan**

**Ezell, Judge.**

The defendant, Donny R. Morgan, was originally charged by bill of information with five offenses, including two counts of aggravated incest and three counts of molestation of a juvenile. He pled guilty on November 7, 2011, to the fifth count, molestation of a juvenile occurring between January 8, 2010, and January 15, 2011, in violation of La.R.S. 14:81.2(A)(1). On January 12, 2012, all parties agreed to amend the plea to reflect an admission of guilt to molestation of a juvenile occurring between January 8, 2005, and August 14, 2006, under La.R.S. 14:81.2(C). Sentencing occurred on January 25, 2012, with the court imposing a sentence of twenty years. *State v. Morgan*, 14-1197 (La.App. 3 Cir. 5/6/15), 164 So.3d 392.

The defendant was granted an out-of-time appeal and argued his sentence was illegally excessive. This court determined the defendant's sentence was in fact excessive, stating the following:

> Defendant's conviction encompasses conduct occurring between January 8, 2005, and August 14, 2006. Therefore, the law in effect on and between those dates determines his sentence under Louisiana jurisprudence. The law in effect at the relevant time provided for a sentence of "not less than one nor more than fifteen years." As such, the trial court exceeded its authority by sentencing defendant to twenty years at hard labor. We remand the matter to the trial court to correct Defendant's illegal sentence. Defendant's sentence is vacated and Defendant is to be resentenced pursuant to La.Code Crim.P. art. 881.5.

*Id.* at 394.

On May 26, 2015, the trial court sentenced the defendant to serve fifteen years at hard labor, with credit for time served prior to imposition of sentence. A motion to reconsider sentence was filed on June 22, 2015, and was subsequently

denied. The defendant filed a pro se notice of appeal on July 22, 2015, seeking review of his sentence.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal. Thus, she requests this court grant her accompanying motion to withdraw. For the following reasons, we affirm the defendant's sentence and grant the defendant's appellate counsel's motion to withdraw.

## FACTS

The facts of this case were set forth in the original decision in this matter as follows:

> On or about January 8, 2005 through August 14, 2006, DONNY R. MORGAN, did willfully and unlawfully violate R.S. 14:81.2 A, C, Molestation of a Juvenile, in that Donny R. Morgan is over the age of seventeen, having been born on January 23, 1978, did commit lewd and lascivious acts upon and in the presence of S.R. a child under the age of seventeen, having been born on January 8, 1997, by touching the genitals and breast of S.R. and having S.R. touch the genitals of Donny R. Morgan, with the intention of arousing or gratifying the sexual desires of Donny R. Morgan, by the use of influence by virtue of a position of control or supervision over S.R., and there is an age difference greater than two years between the two persons, (a felony)[.]

*Morgan*, 164 So.3d at 393 (footnote omitted)(alteration in original).

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

2

## *ANDERS* ANALYSIS

*Anders*, 386 U.S. at 744, provides that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir.1990), the fourth circuit established the procedures to be followed when appellate counsel seeks to withdraw under *Anders*. Those procedures were expanded by the Louisiana Supreme Court in *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241.

To comply with *Jyles*, appellate counsel must not only review the procedural history of the case and the evidence presented at trial; the brief must contain "'a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" *Id.* at 242 (quoting *State v. Mouton*, 95-981, p. 2 (La. 4/28/95) 653 So.2d 1176, 1177).

When an *Anders* brief is filed, the appellate court ordinarily reviews: 1) the bill of information or indictment to insure the defendant was properly charged; 2) all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct, and the sentence is legal; 3) all pleadings in the record; 4) the jury sheets; and 5) all transcripts to determine if any ruling provides an arguable basis for appeal. *Benjamin*, 573 So.2d 528. Because this matter is before the court on appeal after remand for resentencing, the only portion of the record now subject to review is the resentencing proceeding.

In her *Anders* brief, appellate counsel set forth the procedural history of the matter. She noted the applicable sentencing range for a violation of La.R.S. 14:81.2(C), one to fifteen years with or without hard labor; that the defendant was

3

resentenced to fifteen years at hard labor; and an excessive sentence claim was preserved by the filing of a motion to reconsider sentence. Appellate counsel pointed out the defendant entered into a plea agreement in which the State allowed him to plead guilty to one count of molestation of a juvenile and the remaining four counts were dismissed, and, in light of the reasons set forth by the trial court at the original sentencing hearing and the substantial benefit the defendant received from his plea bargain, an excessive sentence claim would be meritless.

In support of her claim that the defendant's sentence is not excessive, the defendant's appellate counsel cited *State v. Till*, 41,659 (La.App. 2 Cir. 12/13/06), 945 So.2d 260. Therein, the second circuit stated: "Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense." *Id.* at 261-62. Till was charged with armed robbery and pled guilty to simple robbery. In upholding his maximum sentence, the court noted:

> although the defendant is a first felony offender who was given the maximum sentence for the crime of simple robbery, he received tremendous benefit from his plea bargain agreement. His sentencing exposure was reduced from a mandatory minimum sentence of 10 years and a maximum sentence of 99 years without benefits for armed robbery because he was allowed to plead guilty to the reduced charge of simple robbery.

*Id.* at 262.

This court has also upheld upper range sentences imposed upon defendants who significantly reduced their sentencing exposure by entering into plea bargains. *See State v. Fomond*, 05-540 (La.App. 3 Cir. 1/18/06), 921 So.2d 1103; *State v.*

*Oliver*, 08-528 (La.App. 3 Cir. 11/5/08), (unpublished opinion), *writ denied*, 09-1201 (La. 3/12/10), 28 So.3d 1022.

Appellate counsel stated the defendant was a second felony offender, received a substantial benefit from his plea bargain, and the offenses with which the defendant was charged involved improper sexual acts with three victims spanning twenty-one years. Appellate counsel noted for the court that one of the dismissed offenses carried a sentence of twenty-five years to life imprisonment, with at least twenty-five years to be served without benefits, during a portion of the date range set forth in the bill of information and a maximum sentence of ninety-nine years during the remaining portion. The defendant pled guilty to the offense carrying the lowest sentencing exposure. Based on her discussion, appellate counsel opined that imposition of the maximum sentence of fifteen years was not constitutionally excessive.

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we affirm the defendant's sentence and grant the defendant's appellate counsel's motion to withdraw.

**DECREE**

The defendant's sentence is affirmed, and appellate defense counsel's motion to withdraw is granted.

**SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.